FORET, Judge.
When this executive officer suit was initially before us on appeal we reversed the trial court judgment and rendered judgment in favor of plaintiff, John Edward Billedeaux and against O. J. Adams, and his insurer, Charter Oaks Fire Insurance Company, in solido, in the amount of Seven Thousand Five Hundred and no/100 ($7500.00) Dollars. Although, it was stipulated at trial below that the insurer of plaintiff’s employer, Travelers Insurance Company, had paid medical expenses on behalf of plaintiff in the sum of $3471.52, we declined to award plaintiff judgment for these medical expenses because Travelers had intervened seeking reimbursement for compensation benefits and medical expenses paid, and the trial court judgment failed to dispose of Travelers’ intervention. Under the recited circumstances we considered that Travelers’ intervention was still viable and precluded any award to plaintiff for the stipulated medical expenses. From our aforesaid judgment plaintiff, John Edward Billedeaux, made application for certiorari or writ of review to the Louisiana Supreme Court, 358 So.2d 640, (Supreme Court Docket No. 62136), which writ was granted and the following order entered:
“Granted. Case remanded to Court of Appeal to consider award of special damages to plaintiff, in view of the fact that the intervention was not before the Court of Appeal; without prejudice to any right of the intervention’s claim to be recognized.”
In the interim between rendition of our aforesaid judgment and the granting of the aforesaid writ, the trial court on March 9, 1978, rendered judgment dismissing the intervention of Travelers Insurance Company, from which latter judgment Travelers appealed. This appeal was assigned the same docket number, i. e., 6288, and was consolidated for hearing with this matter on remand.
Plaintiff argues that he is entitled on remand to an award for lost wages as well as an award for the total amount of medical expenses stipulated to have been paid by Travelers on his behalf. Intervenor-appel-lant seeks reversal of the trial court judgment which dismissed its intervention urg *639 ing that under LSA-R.S. 23:1103 and 23:1162 it is entitled to judgment reimbursing it for all benefits, including medical expenses, paid to or on behalf of plaintiff, including those paid subsequent to judgment.
With regard to plaintiff’s claim for lost wages, suffice it to say that we gave due consideration to this claim when this matter was initially before us. Proof in the record reflects that plaintiff was discharged by his doctors as able to return to work some twelve weeks post accident. During this period plaintiff did lose wages amounting to approximately $1500.00, however, this sum was included in the total award made by us in the amount of $7500.00. The record in our opinion does not support an award for future lost wages.
With regard to the medical expenses actually incurred by plaintiff, we conclude that plaintiff is entitled to judgment for the stipulated amount paid, subject however to intervenor’s right to reimbursement. Finally, intervenor is clearly entitled to a reversal of the trial court judgment which ordered dismissal of its intervention. LSA-R.S. 23:1103 and 1162; Billeaud v. United States Fidelity and Guar. Co., 349 So.2d 1379 (La.App. 3rd Cir. 1977).
In view of the foregoing we recast the judgment initially rendered by us in the captioned matter as follows:
In accordance with the above, the judgment of the trial court is hereby reversed, and judgment is rendered in favor of the plaintiff, John Edward Billedeaux and against defendants, O. J. Adams and Charter Oaks Fire Insurance Company, jointly, severally, and in solido, in the amount of TEN THOUSAND NINE HUNDRED SEVENTY-ONE AND 52/100 ($10,971.52) DOLLARS, with legal interest thereon from date of judicial demand, and for all costs of these proceedings in both the trial court and this Court, less the amount awarded hereinafter to intervenor, Travelers Insurance Company.
IT IS FURTHER ORDERED, Adjudged and decreed, that there be judgment in favor of Travelers Insurance Company, in-tervenor herein, and against O. J. Adams and Charter Oaks Fire Insurance Company, in solido, in the full sum of the amount Travelers Insurance Company has actually paid, or will actually pay prior to the date of the satisfaction of this judgment, to or on behalf of John Edward Billedeaux as weekly workmen’s compensation benefits and medical expenses, plus interest at the rate of 7% per annum on the amount of each payment of benefit which was or will be made by defendants from the date of each payment until payment of the amounts awarded in this judgment, the sum to be paid to Travelers Insurance Company to be paid by preference and priority out of the award made herein to plaintiff, John Edward Billedeaux.
It is finally ordered, adjudged and decreed that such portion of the amount of the judgment herein in favor of John Edward Billedeaux which exceeds the amount which Travelers Insurance Company is entitled to be paid shall be credited against any obligation which Travelers Insurance Company may owe to John Edward Billedeaux for future workmen’s compensation benefits, medical expenses, or otherwise, accruing after the date of the satisfaction of this judgment.
REVERSED AND RENDERED.